UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/17

AIDA RIVERA,                        :

                    Plaintiff,      :    15 Civ. 7846 (HBP)

        -against-                   :    OPINION
                                         AND ORDER
TARGET DEPARTMENT STORE, INC.,      :

                    Defendant.      :

----------------------------------X

        PITMAN, United States Magistrate Judge:

I.  Introduction

        Plaintiff Aida Rivera initially filed this action in
the Supreme Court of the State of New York in Bronx County
asserting a single cause of action for negligence against defen-
dant Target Department Store Inc. (see Complaint, dated Dec. 17,
2014, annexed as Ex. A to Declaration of Michael J. Crowley,
Esq., dated Nov. 14, 2016 (Docket Item ("D.I.") 24) ("Crowley
Decl.")).  On October 2, 2015, defendant removed the action to
this Court on the basis of diversity of citizenship pursuant to
28 U.S.C. Section 1332(a)(1) (Notice of Removal, dated October 5,
2015 (D.I. 1)).  The parties have consented to my exercising
plenary jurisdiction over this action pursuant to 28 U.S.C. §
636(c) (Docket Item 12).

By notice of motion dated November 14, 2016 (D.I. 23), defendant moves for an Order, pursuant to Fed.R.Civ.P. 56, granting summary judgment and dismissing the complaint. For the reasons set forth below, defendant's motion is granted and the complaint is dismissed.

II. Facts

This action involves a slip and fall that occurred on the evening of July 4, 2014 sometime before 8:45 p.m. at a Target store located in Mount Vernon, New York (see Guest Incident Report, dated July 4, 2014 ("Guest Incident Report"), annexed as Ex. D to Crowley Decl.). Plaintiff went to the store at approximately 6:30 p.m. with her adult daughter, two grandchildren and friend, Indira Melara (Deposition of Aida Rivera, dated Mar. 1, 2016 ("Rivera Dep.") at 16, annexed as Ex. I to Crowley Decl.). Plaintiff and her companions were in the store between one hour and one and one-half hours prior to the incident that gives rise to this lawsuit (Rivera Dep. at 18). Prior to the incident, Ms. Melara and plaintiff's grandchildren separated from the group and went to the toy department (Rivera Dep. at 19). Plaintiff and her daughter, Arlene Melendez, were together for the duration of their visit to the store (Rivera Dep. at 19, 21).

Plaintiff's fall occurred as plaintiff and her daughter were walking together from the sports department towards the toy department to meet Ms. Melara and plaintiff's grandchildren (Rivera Dep. at 25). Plaintiff's left foot slipped on a puddle of water on the white-tiled floor and she fell (Rivera Dep. at 21-22, 25-26, 34). Plaintiff had not previously walked in this area during this particular visit to the Target store and did not see the water on the floor before she slipped and fell (Rivera Dep. at 20-22). Plaintiff testified that, as she fell, she observed a puddle of water on the floor that was between five and six feet long and two to three feet wide (Rivera Dep. at 21-22). Plaintiff did not know how the water came to be on the floor or how long the water had been on the floor prior to the incident (Rivera Dep. at 22).

Plaintiff testified that, after the fall, she spoke with a female security guard, informed her of the accident and asked to speak to a manager (Rivera Dep. at 29-30).

Target employee Dermaine Brown also came to the scene after plaintiff's accident and prepared a written statement (see Team Member Witness Statement of Dermaine Brown, dated July 4, 2014, ("Brown Witness Statement"), annexed as Ex. H to Crowley Decl.). Mr. Brown noted that the floor was wet when he arrived

3

at the scene but that "after a while the wet spot dried up" (Brown Witness Statement).

Victor Hernandez, Executive Team Leader ("ETL") for Sales Floor Operations at the Target store, spoke with plaintiff following the incident and prepared a Guest Incident Report and a Leader on Duty ("LOD") Investigation Report (Deposition of Victor Hernandez, dated Mar. 10, 2016 ("Hernandez Dep.") at 18, 41-42, 61-62, annexed as Ex. K to Crowley Decl.; Guest Incident Report; LOD Investigation Report, dated July 4, 2014, annexed as Ex. E to Crowley, Decl.). Mr. Hernandez testified that pursuant to Target's protocol, all Target employees are trained to continu-ously walk the store and inspect the floor for any hazards (Hernandez Dep. at 11-12, 22-23). There was no scheduled time for a Target employee to sweep or mop the floor during open hours (Hernandez Dep. at 29). Mr. Hernandez testified that if the customer had a complaint, it would be reported to the LOD (Hernandez Dep. at 32). He further testified that he had not been notified of any spills or wet conditions within the Target store anytime after 7:00 p.m., on July 4, 2014 (Hernandez Dep. at 32-33).

Mr. Hernandez filled out the Guest Incident Report based on plaintiff's description of the incident (Hernandez Dep. at 41-42, 45-48). The Guest Incident Report notes that plaintiff

4

slipped as a result of a "wet spot on the floor" that had dried up by the time Mr. Hernandez arrived (Guest Incident Report). The LOD Investigation Report consists of a statement from Mr. Hernandez describing his observations of the subject incident (Hernandez Dep. at 61-62). The LOD Investigation Report notes that there were drops of water or other liquid on the floor after plaintiff fell (LOD Investigation Report). The LOD Investigation Report also notes that that the liquid on the ground dried up "very quick[ly]" (LOD Investigation Report).

Ms. Melendez testified at her deposition that she had been walking with plaintiff immediately prior to the incident and that plaintiff had been holding Ms. Melendez's arm for support as a result of plaintiff's recent knee surgery (Deposition of Arlene Melendez, dated Mar. 1, 2016 at 12 ("Melendez Dep."), annexed as Ex. J to Crowley Decl.). Ms. Melendez did not notice anything on the floor prior to plaintiff's fall (Melendez Dep. at 13-14). Following plaintiff's fall, Ms. Melendez noticed that plaintiff's pants were wet and that there was a puddle of clear liquid approximately two feet wide on the floor (Melendez Dep. at 13-14). Ms. Melendez testified that she did not know where the liquid came from or how long it had been on the floor prior to plaintiff's fall (Melendez Dep. at 14-15).

5

Ms. Melara testified that she arrived at the scene of plaintiff's fall after hearing Ms. Melendez call out that plaintiff had fallen (Deposition of Indira Melara, dated Oct. 10, 2016 ("Melara Dep.") at 12, annexed as Ex. M to Crowley Decl.). Ms. Melara testified that the liquid on the floor where plaintiff fell was colorless (Melara Dep. at 25). Ms. Melara did not notice any liquid on the floor in the incident area prior to plaintiff's fall and did not know the source of the water or how long it had been there (Melara Dep. at 13-14, 17).

Ms. Tamisha McCrae, an acquaintance of plaintiff, was also shopping at the subject Target store on the evening of July 4, 2014 and saw plaintiff and Ms. Melendez shortly after entering the store (Deposition of Tamisha McCrae, dated Oct. 10, 2016 (McCrae Dep.) at 6-7, 8-10, annexed as Ex. L to Crowley Dep.). Ms. McCrae later observed plaintiff lying on the floor and learned that she had fallen (McCrae Dep. at 10-12). Ms. McCrae did not see plaintiff fall and did not know what caused plaintiff to fall (McCrae Dep. at 11-12). At some point prior to plaintiff's accident, Ms. McCrae had passed through the area where plaintiff fell and had not noticed any water or any other debris on the floor (McCrae Dep. at 12-13).

Plaintiff testified that following her fall at the Target store, she experienced pain and swelling in her knees and

6

sought medical treatment (Rivera Dep. at 34-45). Plaintiff also

testified that she had pain in her lower back but that she did

not seek medical treatment for that condition (Rivera Dep. at

46).

III.  Analysis

A.  Applicable Legal Principles

1.  Summary Judgment Standard

The standards applicable to a motion for summary

judgment are well-settled and require only brief review.

> Summary judgment may be granted only where there is no
> genuine issue as to any material fact and the moving
> party . . . is entitled to a judgment as a matter of
> law.  Fed.R.Civ.P. 56(c).  In ruling on a motion for
> summary judgment, a court must resolve all ambiguities
> and draw all factual inferences in favor of the
> nonmoving party.  Anderson v. Liberty Lobby, Inc., 477
> U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).
> To grant the motion, the court must determine that
> there is no genuine issue of material fact to be tried.
> Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.
> Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine factual
> issue derives from the "evidence [being] such that a
> reasonable jury could return a verdict for the nonmo-
> ving party."  Anderson, 477 U.S. at 248, 106 S. Ct.
> 2505.  The nonmoving party cannot defeat summary judg-
> ment by "simply show[ing] that there is some metaphysi-
> cal doubt as to the material facts," Matsushita Elec.
> Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586,
> 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986), or by a factual
> argument based on "conjecture or surmise," Bryant v.
> Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The Su-
> preme Court teaches that "all that is required [from a

7

> nonmoving party] is that sufficient evidence supporting
> the claimed factual dispute be shown to require a jury
> or judge to resolve the parties' differing versions of
> the truth at trial." First Nat'l Bank of Ariz. v.
> Cities Serv. Co., 391 U.S. 253, 288-89, 88 S. Ct. 1575,
> 20 L.Ed.2d 569 (1968); see also Hunt v. Cromartie, 526
> U.S. 541, 552, 119 S. Ct. 1545, 143 L.Ed.2d 731 (1999).
> It is a settled rule that "[c]redibility assessments,
> choices between conflicting versions of the events, and
> the weighing of evidence are matters for the jury, not
> for the court on a motion for summary judgment."
> Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997).

McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (brackets in

original); accord Reeves v. Sanderson Plumbing Prods., Inc., 530

U.S. 133, 150-51 (2000)[1]; Estate of Gustafson ex rel. Reginella

v. Target Corp., 819 F.3d 673, 675 (2d Cir. 2016); Cortes v. MTA

N.Y.C. Transit, 802 F.3d 226, 230 (2d Cir. 2015); Deep Woods

Holdings, L.L.C. v. Savings Deposit Ins. Fund of Republic of

Turk., 745 F.3d 619, 622-23 (2d Cir. 2014); Hill v. Curcione, 657

F.3d 116, 124 (2d Cir. 2011).

"Material facts are those which 'might affect the

outcome of the suit under the governing law' . . . ." Coppola v.

Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007), quoting

Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248. "'[I]n

ruling on a motion for summary judgment, a judge must ask himself

---

[1]Although the Court in Reeves was reviewing the denial of a
motion for judgment as a matter of law pursuant to Fed.R.Civ.P.
50, the same standards apply to a motion for summary judgment
pursuant to Fed.R.Civ.P. 56. Reeves v. Sanderson Plumbing
Prods., Inc., supra, 530 U.S. at 150-51.

not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented[.]'" Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir. 2007) (second alteration in original), quoting Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra, 477 U.S. at 322-23, quoting Fed.R.Civ.P. 56; accord Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir. 2014) ("[W]here the nonmoving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden [on a summary judgment motion] by point[ing] to an absence of evidence to support an essential element of the nonmoving party's case." (inner quotations and citations omitted, last alteration in original)).

### 2. Governing
   Substantive Law

The parties agree that New York substantive law governs defendant's motion because this is a diversity action arising out of events that occurred in New York (Memorandum of Law in Supp. of Mot. for Summary Judgment, dated Nov. 14, 2016 (D.I. 25) ("Def. Mem.") at 9; Pl. Memorandum of Law in Opp. to Def. Target's Mot. for Summary Judgment, dated Dec. 29, 2016 (D.I. 32) ("Pl. Mem.") at 8). See Urrutia v. Target Corp., 16-1816-CV, 2017 WL 902607 at *1 (2d Cir. Mar. 3, 2017) (summary order).

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006), quoting Solomon ex rel. Solomon v. City of New York, 66 N.Y.2d 1026, 1027, 489 N.E.2d 1294, 1294, 499 N.Y.S.2d 392, 392 (1985).

To establish negligence in a premises liability case arising out of a fall, a plaintiff must show that the "defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition." Hartley v. Waldbaum, Inc., 69 A.D.3d 902, 903, 893 N.Y.S.2d 272, 273 (2d Dep't 2010); see also Gorecki v. Painted Pony Champion-

10

ship Rodeo, Inc., 6 F. App'x 103, 105 (2d Cir. 2001) (summary order); Dranoff v. Sam's East, Inc., supra, 2017 WL 1437207 at *3; Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (Koeltl, D.J.).

       If this action had remained in state court, in order to prevail on its motion for summary judgment, defendant would have had to demonstrate that there was no genuine issue that it did not have actual or constructive notice of the condition that plaintiff alleges caused her fall. See Groninger v. Vill. of Mamaroneck, 17 N.Y.3d 125, 129, 950 N.E.2d 908, 910, 927 N.Y.S.2d 304, 306 (2011); Rodriguez v. White Plains Pub. Sch., 35 A.D.3d 704, 705, 826 N.Y.S.2d 425, 426 (2d Dep't 2006); Armstrong v. Ogden Allied Facility Mgmt. Corp., 281 A.D.2d 317, 318, 722 N.Y.S.2d 503, 505 (1st Dep't 2001). However, because the action has been removed to federal court, Rule 56's burden allocation scheme applies, and a defendant's motion in a premises liability case will ordinarily be granted unless plaintiff offers evidence sufficient to create a genuine issue of fact that defendant had actual or constructive notice of the allegedly dangerous condition. Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 F. App'x 11, 12-13 (2d Cir. 2008) (summary order); Seixas v. Target Corp., 15-cv-3851 (ERK)(RML), 2017 WL 2178425 at *2 (E.D.N.Y. May 16, 2017); Dranoff v. Sam's East, Inc., 16 Civ. 6482 (CS), 2017

11

WL 1437207 at *2-*3 (S.D.N.Y. Apr. 20, 2017) (Seibel, D.J.);
Casierra v. Target Corp., 09-CV-1301 (JG)(MDG), 2010 WL 2793778
at *1 & n.1 (E.D.N.Y. July 12, 2010); Tingling v. Great Atl. &
Pac. Tea Co., 02 Civ. 4196 (NRB), 2003 WL 22973452 at *2
(S.D.N.Y. Dec. 17, 2003) (Buchwald, D.J.).

        Defendant's motion addresses only the issue of notice;
it claims that there is no evidence sufficient to give rise to a
genuine issue of fact that it had actual or constructive notice
of the water on which plaintiff slipped (Def. Mem. at 1). In her
opposition, plaintiff does not contend that defendant created the
condition that caused her fall (see Pl. Mem.). Rather, plaintiff
argues that there is a question of fact as to whether defendant
had actual or constructive notice of the allegedly dangerous
condition (Pl. Mem. at 1, 7).

                    a.   Actual Notice

        "Actual notice requires that a defendant receive
complaints or similarly be alerted to the existence of the
dangerous condition." Nussbaum v. Metro-N. Commuter R.R., 603 F.
App'x 10, 12 (2d Cir. 2015) (summary order), citing Matcovsky v.
Days Hotel, 10 A.D.3d 557, 558, 782 N.Y.S.2d 64, 65 (1st Dep't
2004); see also Quarles v. Columbia Sussex Corp., 997 F. Supp.
327, 332 (E.D.N.Y. 1998) (to show actual notice, the plaintiff

                            12

must "prove that the defendants were, in fact, aware of the dangerous condition."). "Defendants have actual notice of a defect if they . . . received reports of it such that they have actual knowledge of the defect's existence." Quarles v. Columbia Sussex Corp., supra, 997 F. Supp. at 332. Thus, courts applying New York law have rejected allegations of actual notice where defendant has presented evidence that, before the accident, defendant's employees who were responsible for the area were unaware of the alleged condition and had not received complaints about the area. See Gomez v. J.C. Penny Corp., 113 A.D.3d 571, 571, 979 N.Y.S.2d 323, 324 (1st Dep't 2014) ("Defendant established prima facie that it did not have actual notice by present-ing evidence that, before the accident, the department supervisor who was responsible for the area was unaware of the alleged[ly] wet condition and that the loss prevention officer had received no complaints about the area."); Early v. Hilton Hotels Corp., 73 A.D.3d 559, 561, 904 N.Y.S.2d 367, 369 (1st Dept 2010) (on motion for summary judgment, absence of actual notice was demonstrated by defendant's employee's uncontradicted testimony that he had not received complaints about and had not observed the condition prior to plaintiff's accident).

13

b. Constructive Notice

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gordon v. Am. Museum of Nat. History, 67 N.Y.2d 836, 837, 492 N.E.2d 774, 775, 501 N.Y.S.2d 646, 647 (1986); accord Nussbaum v. Metro-N. Commuter R.R., supra, 603 F. App'x at 12 ("To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it,'" quoting Lemonda v. Sutton, 268 A.D.2d 383, 384, 702 N.Y.S.2d 275, 276 (1st Dep't 2000) (alteration in original)); Salerno v. North Colonie Cent. School Dist., 52 A.D.3d 1145, 1147, 861 N.Y.S.2d 811, 813 (3d Dep't 2008) (same). "The absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident consti-tutes a failure to establish the existence of constructive notice as a matter of law." Early v. Hilton Hotels Corp., supra, 73 A.D.3d at 561, 904 N.Y.S.2d at 369; accord Nussbaum v. Metro-N. Commuter R.R., 994 F. Supp. 2d 483, 494-95 (S.D.N.Y. 2014) (Román, D.J.), aff'd, 603 F. App'x 10 (2d Cir. 2015) (summary order); Robinson v. Wal-Mart Stores, 37 F. Supp. 2d 605, 607

14

(W.D.N.Y. 1999), aff'd, 242 F.3d 367, 2000 WL 1811070 (Table) (2d

Cir. 2000) (summary order); Baxter v. Jackson Terrace Assocs., 43

A.D.3d 968, 969, 842 N.Y.S.2d 78, 79 (2d Dep't 2007); O'Callaghan

v. Great Atl. & Pac. Tea Co., 294 A.D.2d 416, 417, 742 N.Y.S.2d

358, 359 (2d Dep't 2002). "Thus, in cases where the plaintiff is

unable to establish how long the condition causing the accident

existed prior to the accident, courts have entered summary

judgment in favor of the defendant." Stephanides v. BJ's Whole-

sale Club, Inc., No. 12-CV-83 (CLP), 2013 WL 1694901 at *5

(E.D.N.Y. Apr. 18, 2013) (collecting cases); see also

Borrero-Carrasquillo v. Target Dept. Stores Inc., 15 Civ. 4518

(GBD), 2017 WL 700720 at *3-*4 (S.D.N.Y. Feb. 10, 2017) (Daniels,

D.J.); Strass v. Costco Wholesale Corp., 14-CV-06924 (PKC)(VMS),

2016 WL 3448578 at *3-*8 (E.D.N.Y. June 17, 2016); Lionel v.

Target Corp., 44 F. Supp. 3d 315, 323-24 (E.D.N.Y. 2014);

Casierra v. Target Corp., supra, 2010 WL 2793778 at *3; DeAngelis

v. Am. Airlines, Inc., supra, 2010 WL 1292349 at *6; Cerkowski v.

Price Chopper Operating Co., Inc., 68 A.D.3d 1382, 1385, 891

N.Y.S.2d 192, 195 (3d Dep't 2009); Maguire v. Southland Corp.,

245 A.D.2d 347, 348, 665 N.Y.S.2d 680, 681 (2d Dep't 1997).

       When there is no direct evidence to demonstrate actual

or constructive notice, the plaintiff may consider circumstantial

evidence from which it can be inferred that the condition that

caused plaintiff's injury was visible and apparent and existed for a sufficient length of time for defendant to discover and remedy it. See Seixas v. Target Corp., supra, 2017 WL 2178425 at *3 (finding an issue of fact as to constructive notice where puddle of spilled soap was smeared and speckled with grime, suggesting that the puddle had existed for substantial period of time); Touri v. Zhagui, 06 Civ. 776 (SCR)(JFK), 2010 WL 779335 at *5 (S.D.N.Y. Mar. 5, 2010) (Keenan, D.J.) (denying summary judgment on the issue of constructive notice because plaintiff presented sufficient circumstantial evidence of the existence of the lighting problem for "some time" because "the exposed electrical wires appeared old and frayed," citing Lyden v. Rasa, 39 A.D.2d 716, 717, 331 N.Y.S.2d 982, 984 (2d Dep't 1972) (evidence was sufficient to support recovery under N.Y. General Municipal Law Section 205-e because "[t]he fire escape was rusty -- a condition which did not occur overnight.")); Giuffrida v. Metro N. Commuter R.R. Co., 279 A.D.2d 403, 405, 720 N.Y.S.2d 41, 42-43 (1st Dep't 2001) ("consistent description of the substance as a 'stain' and 'dry' and 'solid' is evidence from which a jury would be warranted in finding that the condition had been present for a substantial period of time").

However, plaintiff may not meet her burden through speculation as to the amount of time the condition existed before

the accident.  As the New York Court of Appeals explained in

Gordon v. Am. Museum of Nat. History, supra, 67 N.Y.2d at 838,

492 N.E.2d at 775, 501 N.Y.S.2d at 647,

> [t]he record contains no evidence that anyone, includ-
> ing plaintiff, observed the [paper on which plaintiff
> slipped] prior to the accident.  Nor did he describe
> the paper as being dirty or worn, which would have
> provided some indication that it had been present for
> some period of time.  Thus, on the evidence presented,
> the piece of paper that caused plaintiff's fall could
> have been deposited there only minutes or seconds
> before the accident and any other conclusion would be
> pure speculation.

See also Aggrey v. Stop & Shop Supermarket Co., 00 Civ. 7999

(FM), 2002 WL 432388 at *4 (S.D.N.Y. Mar. 19, 2002) (Maas, M.J.)

(granting summary judgment for defendant and noting that "[i]n

the absence of any circumstances suggesting that the grape(s)

[plaintiff slipped on] had been on the floor for an extended

period, the Court would consequently be required to engage in

sheer speculation to find the constructive notice element met in

this case"); Rojas v. Supermarkets Gen. Corp., 238 A.D.2d 393,

394, 656 N.Y.S.2d 346, 348 (2d Dep't 1997) ("any finding that the

[condition] had been on the floor for any appreciable period of

time would be mere speculation" (internal quotation marks and

citation omitted)).

17

B. Application of
   the Foregoing Principles

## 1. Actual Notice

There is no evidence in the record indicating that
defendant had actual notice of water on the floor in the area of
plaintiff's fall at any time prior to plaintiff's accident.
Plaintiff's naked assertion that a jury could infer that an
employee of defendant actually saw the puddle (Pl. Mem. at 7) is
unsupported by any affidavit, testimony or other material that
has evidentiary weight and is, therefore, insufficient to estab-
lish a genuine issue of material fact.[2]  See Belgrave v. Pena, 98

---

[2]Although it is uncontradicted, I do not consider Mr.
Hernandez's testimony that he had not seen the puddle and had not
received any complaints about it in the hours prior to
plaintiff's accident (Hernandez Dep. at 32-33). As explained in
McClellan v. Smith, supra, 439 F.3d at 148, a court cannot make
credibility determinations or weigh the evidence in ruling on a
motion for summary judgment. Rather,

> the court must draw all reasonable inferences in favor
> of the nonmoving party, and it may not make credibility
> determinations or weigh the evidence. Lytle v.
> Household Mfg., Inc., 494 U.S. 545, 554-555 (1990);
> Liberty Lobby, Inc., supra, at 254; Continental Ore Co.
> v. Union Carbide & Carbon Corp., 370 U.S. 690, 696, n.6
> (1962). "Credibility determinations, the weighing of
> the evidence, and the drawing of legitimate inferences
> from the facts are jury functions, not those of a
> judge." Liberty Lobby, supra, at 255. Thus, although
> the court should review the record as a whole, it must
> disregard all evidence favorable to the moving party
>                                              (continued...)

18

Civ. 2517 (DAB)(HBP), 2000 WL 1290592 at *4 n.5 (S.D.N.Y. Sept.

13, 2000), aff'd, 254 F.3d 384 (2d Cir. 2001); Bonaparte v. New

York City Dep't of Housing Preservation & Dev., 94 Civ. 5106

(DC), 1997 WL 148252 at *5 (S.D.N.Y. March 31, 1997) (Chin, then

D.J., now Cir. J.); Parada Jimenez v. Mobil Oil Co. de Venezuela,

S.A., 90 Civ. 5938 (SWK), 1991 WL 64186 at *3 (S.D.N.Y. Apr. 18,

1991) (Kram, D.J.).

 Therefore, because plaintiff has failed to offer any

evidence that defendant was on actual notice of the puddle,

defendant is entitled to summary judgment on this aspect of

plaintiff's claim.

## 2. Constructive Notice

 Defendant is also entitled to summary judgment on the

issue of constructive notice because plaintiff has failed to

---

[2] (...continued)

> that the jury is not required to believe. See Wright &
> Miller 299. That is, the court should give credence to
> the evidence favoring the nonmovant as well as that
> "evidence supporting the moving party that is
> uncontradicted and unimpeached, at least to the extent
> that that evidence comes from disinterested witnesses."
> Id., at 300.

Reeves v. Sanderson Plumbing Prods., Inc., supra, 530 U.S. at
150-51; accord In re Dana Corp., 574 F.3d 129, 152 (2d Cir.
2009); Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir. 2001).
Because Mr. Hernandez does not qualify as a disinterested
witness, I cannot credit his testimony.

offer any evidence that would demonstrate that the water was present for a sufficient period of time prior to plaintiff's accident to provide defendant's employees an opportunity to discover and clean it up. Plaintiff has not cited any evidence establishing or even suggesting how long the puddle had been on the floor prior to plaintiff's fall.

The only evidence in the record concerning the condition of the floor prior to plaintiff's accident is the testimony of plaintiff's acquaintance, Ms. McCrae, who testified that she had walked in the area where plaintiff fell at some unspecified time earlier in the evening and had not noticed any water or debris on the floor[3] (McCrae Testimony at 12-13). Every other witness, including plaintiff, testified that he or she observed the water only after plaintiff fell (Rivera Dep. at 20-22; Hernandez Dep. at 32-33; Melendez Dep. at 13-14; Melara Dep. at 13-14, 17; McCrae Dep. at 12-13). Plaintiff offers no circumstantial evidence concerning the condition of the puddle -- such as the presence of debris, footprints or trackmarks -- from which the duration of its existence can be inferred. Thus, there is a total lack of evidence concerning the length of time the puddle existed before plaintiff's accident. Because plaintiff proffers

---

[3]Ms. McCrae was not asked to specify the precise time she passed through the accident area prior to plaintiff's fall.

no evidence showing that the puddle on which she slipped was visible or apparent for a sufficient amount of time before the fall, she has failed to put forth any evidence that defendant had constructive notice of it.

Plaintiff relies on Donaldson v. Target, Inc., 05-CV-0378 (NG)(KAM), 2006 WL 3371637 (E.D.N.Y. Nov. 20, 2006) for the proposition that the issue of whether a defendant had sufficient time to discover and remedy a hazardous condition should generally be left to the jury (Pl. Mem. at 7). The pertinent portion of that decision reads as follows:

> Viewing the evidence in the light most favorable to plaintiff, the court finds that there is a genuine issue of material fact in dispute as to whether defendant had constructive notice of the dangerous condition, specifically, whether the soda, on which plaintiff slipped and fell, was on the floor for a sufficient period of time for defendant's employees to discover the spill and clean it up. Under the facts of this case, the issue of whether the amount of time is sufficient to warrant a finding of constructive notice of a hazard is an issue for the trier of fact.

2006 WL 3371637 at *1. Because the published decision does not provide any insight into the facts of the case or the materials submitted in support of and in opposition to the motion for summary judgment, Donaldson cannot fill the evidentiary void in this case concerning the length of time the puddle existed. Donaldson cannot rationally be read to suggest that there is

21

always an issue of fact concerning constructive notice in all premises liability cases.

Plaintiff also relies on <u>Chong v. Target Corp.</u>, <u>supra</u>, 2015 WL 2250250, for the proposition that where a defendant does not contest that an area is under "constant inspection," the presence of a large puddle of liquid on the floor is sufficient to create an issue of fact concerning constructive notice (Pl. Mem. at 6). <u>Chong</u> is distinguishable on its facts. In <u>Chong</u>, there was videotape evidence suggesting that the dangerous condition existed throughout the thirty-minute period preceding the plaintiff's fall. Specifically, the videotape record of that period showed patrons attempting to walk around the area in which plaintiff fell. 2015 WL 2250250 at *4.

Plaintiff also argues that "common experience" would indicate that the sheer size of the puddle described by plaintiff -- "of five or six feet in length and two to three feet in width" is sufficient to establish that the puddle was on the floor "for a sufficient length of time prior to the accident" (Pl. Mem. at 6). This argument simply defies common sense and experience. The size of a puddle evidences the amount of fluid spilled, but provides no information concerning the duration of the puddle's existence; a quart of water spilled on the floor will result in a large puddle immediately after the spill as well as one-half hour

22

after the spill.   See Strass v. Costco Wholesale Corp., supra,
2016 WL 3448578 ("circumstantial evidence that [plaintiff]
slipped on a large puddle, without more, does not support an
inference that the puddle had existed for enough time to allow
[an employee of the defendant] to discover the spill and clean it
up").

Plaintiff argues that, "several employees . . . toured
and inspected the area where the accident occurred" and that "a
reasonable jury could infer that a Target employee observed, or
should have observed, and remedied the spill long before it
caused plaintiff's accident" (Pl. Mem. at 7).  This argument
assumes the puddle existed "long before" plaintiff's accident.
As explained above, there is simply no evidence that could
support this finding.  Although Mr. Hernandez testified that
defendant's employees were directed to constantly look for debris
on the floor, he also testified that he was not informed of any
spills in the entire retail area of the subject store in the
hours prior to plaintiff's accident (Hernandez Dep. at 32-33).
"[A] 'general awareness' that a dangerous condition may be
present is legally insufficient to constitute notice of the
particular condition that caused plaintiff's fall."   Tenay v.
Culinary Teachers Ass'n of Hyde Park, supra, 281 F. App'x at 14,
quoting Piacquadio v. Recine Realty Corp., 84 N.Y.2d 967, 969,

23

646 N.E.2d 795, 796, 622 N.Y.S.2d 493, 494 (1994); see Lionel v. Target Corp., supra, 44 F. Supp. 3d at 323 ("Plaintiff's argument that she fell in an area that was 'regularly traversed' by Defendant's employees . . . is insufficient to defeat summary judgment, absent some evidence that the lid was on the floor long enough that an employee should have walked through the area and observed it.").

Therefore, because plaintiff has failed to offer any evidence that the condition that caused plaintiff's fall existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it, plaintiff has failed to create an issue of fact as to whether defendant was on constructive notice of the condition.

IV.  Conclusion

Accordingly, for the foregoing reasons, defendant's motion for summary judgment (D.I. 23) is granted and the complaint is dismissed.  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
       June 21, 2017

SO ORDERED,

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel